**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| TOBIAS A. FRANK, : | |
| : | Civ. Action No. 15-2405 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| J.T. SHARTLE, WARDEN, : | |
| : | |
| Respondent. : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241 (ECF No. 1); Respondent's answer to the petition (ECF No. 6); Petitioner's motion for summary judgment (ECF No. 9); and Respondent's Response to Petitioner's motion for summary judgment (ECF No. 10.) For the reasons discussed below, the habeas petition will be denied.

I. BACKGROUND

Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton") (ECF No. 1 at 1.) On July 21, 2004, Petitioner was sentenced in the U.S. District Court for the Southern District of Georgia, to

a 262 month term of imprisonment with a five-year term of supervised release, upon his conviction of possession with intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Declaration of Bryan Erickson ("Erickson Decl."), Att. I.) Petitioner's sentence was subsequently reduced to 156 months. (Id., Att. A and Att. K). If Petitioner receives all Good Conduct Time available to him, his projected release date is May 1, 2016. (Id., ¶5o, Att. L, p.2.)

Petitioner contends he should have been given prior custody credit for the time he spent in Richmond County Jail, pursuant to 18 U.S.C. § 3585(b). He asserts he was only given credit toward his state sentence beginning July 1, 2003, but he was in state custody beginning on March 6, 2003. (ECF No. 1 at 5.) He states:

> [T]he time served in the County Jail was not in service of a probation sentence because the GDOC did not compute that sentence to have commenced until he was released from the County Jail and Georgia never sentenced him to any incarceration, but simply paroled him into his federal sentence. Although the state charge was dismissed in lieu of federal prosecution, the state probation sentence did not commence until July 1, 2003, as computed by GDOC.

(ECF No. 9 at 5.) Petitioner seeks credit for time in state custody from March 6, 2003 through July 1, 2003. (ECF No. 1 at 6.) Respondent opposes the petition. (ECF No. 6.)

2

II.  DISCUSSION

    A.  Petitioner's Presentence Custody

Respondent provided the following additional facts in support of the Bureau of Prison's calculation of Petitioner's sentence. (ECF No. 6.) Petitioner was arrested in Richmond County, Georgia on May 25, 2000, and charged with possession of cocaine with intent to distribute, and possession of marijuana in Richmond County Superior Court Case No. 00RCCR885. (Erickson, Decl., ¶¶4e, 5a; Att. C.) In Case No. 00RCCR885, Petitioner was sentenced in state court to a five-year term of probation and 360 days of detention, and a concurrent term of 12 months' probation for possession of cocaine with intent to distribute. (Id., ¶5b; Att. D.) The sentencing court directed the sentence to be made effective *nunc pro tunc* February 7, 2001. (Id.)

On March 6, 2003, while Petitioner was on probation in Case No. 00RCCR885, he was arrested and detained in state custody in Richmond County, Georgia, and charged with the state offense of trafficking cocaine. (Id., ¶5c.) Georgia state authorities revoked Petitioner's five-year term of probation imposed in Case No. 00RCCR885, due to his arrest for cocaine trafficking. (Id. at ¶¶5e, 5d.)

The Georgia Department of Corrections then computed Petitioner's five-year term of imprisonment, in Case No. 00RCCR885, as beginning on January 29, 2001, with a maximum

3

possible release date of January 28, 2006. (Erickson Decl., ¶5e, Att. E.) The January 29, 2001 date was determined by giving Petitioner nine days of state jail credit to the court-ordered sentence effective date of February 7, 2001. (Id.)

Petitioner was held in the Richmond County Jail until July 1, 2003, when he was committed to Coastal State Prison in Georgia. (Id., ¶5f; Att. F & G.) A grand jury in the U.S. District Court, Southern District of Georgia returned an eight-count indictment against Petitioner on July 10, 2003, for criminal acts that occurred between May 1, 1998 and March 6, 2003. (Id., ¶¶4b, 4f, 5g.) The federal authorities adopted the conduct associated with Petitioner's state arrest on March 6, 2003, and the state charges were dismissed in lieu of federal prosecution. (Id. at ¶¶4c, 4f, 5g.)

Petitioner was borrowed from state custody on July 24, 2003 via a federal writ of habeas corpus ad prosequendum to appear in the U.S. District Court, Southern District of Georgia. (Id., ¶5h, Att. H.) Petitioner pled guilty to the federal indictment on March 9, 2004. (Id., ¶¶4d, 5i, Att. I.) On July 21, 2004, Petitioner was sentenced on the federal conviction to 262 months imprisonment, followed by a five-year term of supervised release. (Id. at ¶5j, Att. I.) On the day the sentence was imposed, July 21, 2004, the U.S. Marshals returned Petitioner to

state custody in satisfaction of the writ of habeas corpus ad prosequendum. (Erickson Decl., ¶5k, Att. H.)

Georgia state authorities released Petitioner into federal custody on November 29, 2004, when he completed service of his state sentence in Case No. 00RCCR885. (Id., ¶5l, Att. F, G and H.) On November 17, 2008, the U.S. District Court for the Southern District of Georgia reduced Petitioner's federal sentence of imprisonment to 156 months. (Id. at 5n, Att. K.)

The Richmond County Sheriff's Department advised the BOP that Petitioner received credit for custody from January 1, 2001 through January 28, 2006 against his state sentence in Case No. 00RCCR885. (Id., Att. E, F & G.) The BOP computed Petitioner's federal sentence as commencing on November 29, 2004, the date he was released by Georgia on the federal sentencing detainer. (Id., ¶¶5l, 5o, Att. F, G, H, and L, p.2.)

The BOP did not award any prior custody credit against Petitioner's federal sentence because all of the time served from January 29, 2001 through November 29, 2004 was credited to Petitioner's probation revocation term in Case No. 00RCCR885. (Id. at ¶¶5e, 5o, 11, Att. E, F, G.) Petitioner exhausted his administrative remedies in challenging the BOP's sentence computation. (Id., Att. B.)

Petitioner submitted a motion for summary judgment on his petition (ECF No. 9), which this Court construes as a Reply to

5

Respondent's Answer. See Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases under 28 U.S.C. § 2241 through Rule 1(b) ("the petitioner may submit a reply to the respondent's answer or other pleading within a time frame fixed by the judge.") Petitioner contends that the GDOC computed his state sentence as having commenced on July 1, 2003, and ending on November 29, 2004. (ECF No. 9 at 4.) he asserts "the GDOC is responsible for awarding jail credit, and the fact that the GDOC did not award credit to his state sentence from March 6, 2003 to July 1, 2003, he is entitled to credit towards his instant federal sentence pursuant to 18 U.S.C. § 3585(b)." (Id.)

Petitioner argues that his time served in a county jail was not credited toward service of a probation sentence because the GDOC did not compute that sentence to have commenced until Petitioner was released from the county jail, July 1, 2003. (Id. at 5.) He also contends that the State of Georgia never sentenced him to incarceration, it only paroled him into his federal sentence. (Id.) Petitioner seeks credit toward his federal sentence from March 6, 2003 through July 1, 2003. (Id.)

In Reply, Respondent asserted:

> The BOP has confirmed, through the Georgia Department of Corrections Sentence Computation Form and through telephonic communication with the Richmond County Sheriff's Department, that the period in

6

> question indeed was included in the time
> credited by state authorities to
> Petitioner's state parole revocation
> sentence.

(ECF No. 10 at 2, citing Erickson Decl., Att. E and G.)

    B.   <u>Federal Sentence Computation</u>

The Attorney General of the United States has the responsibility of computing a federal prisoner's sentence and has delegated that task to the Federal Bureau of Prisons. <u>U.S. v. Wilson</u>, 503 U.S. 329, 333-35 (1992). The computation of a federal sentence involves two determinations: (1) when the federal sentence commenced; and (2) whether the prisoner is entitled to prior custody credit for time in custody prior to the commencement of the sentence. See <u>Blood v. Bledsoe</u>, 648 F.3d 203, 207 (3d Cir. 2011) (citing 18 U.S.C. § 3585(a), (b)). Here, only the second determination is at issue.

18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.—A defendant
> shall be given credit toward the service of
> a term of imprisonment for any time he has
> spent in official detention prior to the
> date the sentence commences—
>
>> (1) as a result of the offense for which the
>> sentence was imposed; or
>
>> (2) as a result of any other charge for
>> which the defendant was arrested after
>> the commission of the offense for which
>> the sentence was imposed;

> that has not been credited against another sentence.

Time served in state custody that is credited toward a state sentence cannot also be credited against a federal sentence. See Castro v. Sniezak, 437 F. App'x 70, 72 (3d Cir. 2011) (per curiam) (quoting Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time.")

The sovereign that first arrests a defendant has primary jurisdiction over him until the sovereign relinquishes primary custody, for example, by expiration of the sentence. Williams v. Zickefoose, 504 F. App'x 105, 107 n.1 (3d Cir. 2012)). Release of a prisoner pursuant to a federal writ of habeas corpus ad prosequendum does not relinquish a sovereign's primary custody. Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir. 2010). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence." Id. (quoting United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)).

C. Analysis

The Court begins by resolving the factual dispute of the parties over whether the GDOC credited the period of March 6, 2003 through July 1, 2003 against Petitioner's state sentence.

8

The GDOC Sentence Computation Form Summary Report, dated June 6, 2003, shows that Petitioner committed the state crime in question on March 25, 2000, and he was sentenced on February 7, 2001. (Erickson, Decl., Att. E, ECF No. 6-6 at 2-3.) The GDOC recalculated his state sentence when his probation was revoked.[1] The adjusted beginning date for his state sentence was January 29, 2001, and the adjusted end date was January 28, 2006. (ECF No. 6-6 at 3.)

Respondent also submitted the BOP Designation of Sentence Computation Center's Log of Telephonic Communication of Record. (Erickson Decl., Att. F, ECF No. 6-6 at 2.) The log indicates that a BOP Classification and Computation Technician called the Richmond County Sheriff's Department and received the following information from a sergeant. (Id.) On April 15, 2003, Petitioner's probation was revoked in Case No. 00RCCR885, relating to his May 25, 2000 arrest that resulted in a five-year sentence. (Id.) Petitioner was given credit for the period of January 29, 2001 through January 28, 2006 toward his state probation revocation. (Id.) On July 1, 2003, Petitioner was released to Coastal State Prison to serve his sentence. (Id.) On November 29, 2004, Petitioner was released from his state sentence to federal custody. (Id.)

---

[1] Under the heading "Report Reason" is the entry: "new sentence." (ECF No. 6-6 at 3.) The "new sentence" was Petitioner's probation revocation.

Petitioner's assertion that the GDOC computed his state sentence as commencing on July 1, 2003, and ending on November 29, 2004 is not borne out by the record. It is true that the record contains a GDOC Inmate Information printout, which indicates under the heading "State of Georgia-Incarceration History" that Petitioner's incarceration begin date was July 1, 2003, and his incarceration end date was November 29, 2004. (Erickson Decl., Att. F, ECF No. 6-7 at 2-3; Pet., ECF No. 1 at 10-13, Ex. B.) However, Petitioner's incarceration history refers only to the time Petitioner spent in Coastal State Prison, not to the computation of his state sentence.

The GDOC's Sentence Computation Form Summary Report, on the other hand, shows that adjusted beginning date for Petitioner's state sentence was January 29, 2001, and the adjusted end date was January 28, 2006. (ECF No. 6-6 at 3.) Thus, Petitioner was given credit against his state sentence, which takes into account his resentencing upon his probation revocation, for the period including March 6, 2003 through July 1, 2003. Petitioner cannot be given double credit for that period against his federal sentence. Vega v. U.S., 493 F.3d 310, 314 (3d Cir. 2007) (where BOP credited period of prior custody against state parole violation, same period could not be credited against federal sentence).

III. CONCLUSION

10

In the accompanying Order filed herewith, the Court will deny Petitioner's habeas petition under 28 U.S.C. § 2241.

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**

Dated: January 14, 2016